UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00283-RJC

| | |
|---|---|
| **Crypto Colo Center Corp. et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **Dei Vitae Enterprises, LLC et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiffs' Motion to Withdraw Reference pursuant to 28 U.S.C. § 157(d), (Doc. No. 1), and Motion for Hearing; Notice of Filing of Plaintiff's Notice of Dismissal in Bankruptcy Cases and Request for a Hearing on the Motions to Withdraw the Reference, (Doc. No. 5). Following a February 22, 2024 hearing, the Court took the matter under advisement. For the reasons set forth below, Plaintiffs' Motion to Withdraw Reference is **GRANTED**.

I.     BACKGROUND

On February 22, 2023, Defendants James Reuben Burton, Jr., and Susan Hunt Burton ("Burtons") filed a petition to commence a chapter 13 bankruptcy case in the bankruptcy court for this district. (Case No. 23-30128). Soon after, on February 28, 2023, Defendant Dei Vitae Enterprises, LLC ("DVE") filed a petition to commence a chapter 11 bankruptcy case in the same court. (Case No. 23-30148). Then, on March 24, 2023, Plaintiffs filed identical complaints in the Burtons'

1

chapter 13 bankruptcy case (Adv. Pro. No. 23-03007) and DVE's chapter 11 bankruptcy case (Adv. Pro. No. 23-03008).

On May 15, 2023, Plaintiffs filed a Motion to Withdraw Reference, (Doc. No. 1), seeking to have the references to the adversary proceedings withdrawn pursuant to 28 U.S.C. § 157(d). The Clerk for this Court assigned a case number to each adversary proceeding: the Burtons' chapter 13 proceeding was before Judge Frank D. Whitney (Case No. 3:23-cv-00282), and DVE's chapter 11 proceeding is before this Court (Case No. 3:23-cv-00283). On May 30, 2023, Defendant DVE filed a Response in Opposition to Plaintiffs' Motion to Withdraw. (Doc. No. 3). And on June 5, 2023, Plaintiffs filed a Reply to Defendant DVE's Response in the case before Judge Whitney. (3:23-cv-00282, Doc. No. 3). Plaintiffs filed a Notice of Filing Reply in this Court. (Doc. No. 4).

On June 6, 2023, Judge Laura T. Beyer of the United States Bankruptcy Court for this district dismissed the Burtons' chapter 13 bankruptcy case. (23-30128, Doc. No. 73). Then, by order entered on August 10, 2023, Judge Beyer granted Plaintiffs' motion to dismiss Adversary Proceeding No. 23-03007. (23-03007, Doc. No. 43). On October 4, 2023, Judge Whitney necessarily denied as moot Plaintiffs' Motion to Withdraw Adversary Proceeding No. 23-03007. *See Crypto Colo Ctr. Corp. v. Dei Vitae Enters., LLC*, No. 3:23-cv-00282-FDW, 2023 U.S. Dist. LEXIS 179357 (W.D.N.C. Oct. 4, 2023).

Following dismissal of the Burtons' chapter 13 bankruptcy case, on July 27, 2023, Plaintiffs filed an amended complaint in Adversary Proceeding No. 23-03008,

2

alleging fifteen non-title 11 causes of action. (23-03008, Doc. No. 43). On September 6, 2023, Judge Beyer dismissed DVE's chapter 11 bankruptcy case. (23-30148, Doc. No. 139). Defendants then filed motions to dismiss Adversary Proceeding No. 23-03008 in the bankruptcy court. (23-03008, Doc. Nos. 62, 64, 65). By order entered on October 13, 2023, Judge Beyer denied Defendants' motions to dismiss Adversary Proceeding No. 23-03008 and, in the alternative, granted Defendants' motions for abstention to the extent that all proceedings in Adversary Proceeding No. 23-03008 were suspended subject to this Court's ruling on the pending motion. (23-03008, Doc. No. 75). With briefing complete and following a hearing held on February 22, 2024, Plaintiffs' motion is ripe for review.

## II. STANDARD OF REVIEW

Federal district courts have original jurisdiction over all bankruptcy matters and related proceedings. 28 U.S.C. § 1334(a), (b). 28 U.S.C. § 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court, which by standing order, this district has done. *See In re Standing Order of Reference re Title 11*, No. 3:14-mc-00044 (Apr. 14, 2014) (citing 28 U.S.C. § 157(a)); *see also In re Adversary Proceedings in Bankruptcy Court*, No. 3:04-mc-00156, 2011 U.S. Dist. LEXIS 158125 (May 17, 2011). Bankruptcy courts are authorized to enter orders and judgments on all core bankruptcy matters and to submit proposed findings and recommendations to this Court on all non-core matters. 28 U.S.C. § 157(b)–(c).

28 U.S.C. § 157(d) empowers a district court to withdraw a proceeding from the bankruptcy court "on its own motion or on timely motion of any party, for cause

3

shown." *Id.* § 157(d). In other contexts, withdrawal is mandatory. *See id.* ("The district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.").

"Permissive withdrawal of reference should be decided on a case-by-case basis by determining whether cause exists for the court to grant withdrawal." *Finley Grp. v. 222 S. Church St., LLC*, No. 3:15-cv-00029-FDW, 2015 U.S. Dist. LEXIS 27746, at *6–7 (W.D.N.C. Mar. 6, 2015). "While neither statute nor the Fourth Circuit have explicitly defined 'cause,' several district courts within the Fourth Circuit have consistently considered the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and, (6) the preservation of the right to a jury trial." *Id.* at 7 (citations omitted); *see also In re U.S. Airways Group, Inc.*, 296 B.R. 673, 681–82 (E.D. Va. 2003).

### III. DISCUSSION

Plaintiffs argue that the Court should exercise its discretion to withdraw the reference of Adversary Proceeding No. 23-03008. Since the filing of Plaintiffs' motion, Judge Beyer dismissed the underlying chapter 11 bankruptcy case; Adversary Proceeding No. 23-03008 nevertheless remains. Having evaluated the

4

parties' arguments and independently examined the relevant factors, the Court finds sufficient cause to withdraw the reference.

**1. Core Versus Non-Core**

The first factor is "whether the proceeding is core or non-core." *Finley Grp.*, 2015 U.S. Dist. LEXIS 27746, at *7. District courts in the Fourth Circuit have deemed this factor most important "since it is upon this issue that questions of efficiency and uniformity will turn." *Haigler v. Dozier*, No. 4:18-1888-MGL, 2019 U.S. Dist. LEXIS 36458, at *12–13 (D.S.C. Mar. 7, 2019) (citations omitted). Before the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), "the determination of whether a claim was core or non-core was as simple as looking to the list of core proceedings in 28 U.S.C. § 157(b)(2)." *Finley Grp.*, 2015 U.S. Dist. LEXIS 27746, at *7. "Any proceeding that was considered 'core' could be tried in a bankruptcy court." *Id.* (citing 28 U.S.C. § 157(b)(1)). But now, beyond determining whether a given claim is a core or non-core proceeding under 28 U.S.C. § 157(b)(2), a court must also consider whether "'the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.'" *ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A.*, No. 5:12-cv-361-BO, 2012 U.S. Dist. LEXIS 186666, at *7 (E.D.N.C. Sept. 27, 2012) (quoting *Stern*, 564 U.S. at 499).

The Court finds that the remaining causes of action raised in Adversary Proceeding No. 23-03008 against only former debtors and one non-debtor are non-core. They include one federal cause of action for securities fraud and a variety of

5

other state law causes of action for securities fraud, fraud, misappropriation, and breaches of fiduciary duty. Each is capable of resolution without reference to the Bankruptcy Code and exist without regard to any bankruptcy action. Thus, the Court finds that the first factor weighs heavily in favor of withdrawing the reference.

### 2. Remaining Factors

Application of the remaining factors also counsel in favor of withdrawing the reference. The uniformity of bankruptcy administration will not be negatively impacted, and it is more expedient to withdraw the reference in light of the underlying chapter 11 bankruptcy case dismissal, and the fact that Adversary Proceeding No. 23-03008 involves only issues governed by non-title 11 law. *See Allen v. Nat'l City Mortg.*, No. 2:04-mc-188, 2006 U.S. Dist. LEXIS 94819, at *5 (S.D.W. Va. July 13, 2006) (granting motion to withdraw and noting that "[w]ithdrawing the reference certainly will not affect the uniform administration of bankruptcy law because the Amended Complaint raises issues governed by non-Title 11 law."). Further, the Court finds that because none of the remaining claims are unique to a bankruptcy proceeding or constitute claims with which the bankruptcy court would ordinarily be expected to have a greater familiarity or expertise, withdrawing the reference would facilitate efficient use of the parties' resources.

Because nothing in the record suggests that withdrawing the reference would increase the likelihood of forum shopping in this case, the Court finds that the fifth

factor is inapplicable. Finally, because bankruptcy courts may not hold jury trials in non-core matters absent the parties' consent, and a jury demand has been filed in this case, the Court finds that the last factor weighs in favor of withdrawing the reference. *See, e.g.*, *Joseph DelGreco & Co. v. DLA Piper LLP (US)*, No. 10 CV 6422 (NRB), 2011 U.S. Dist. LEXIS 10972, at *11–12 (S.D.N.Y. Jan. 26, 2011) (noting that in this scenario, a district court may find the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference).

## IV. CONCLUSION

As each of the above factors weighs in favor of withdrawal or is otherwise inapplicable, the Court finds sufficient cause to withdraw the reference.

**IT IS, THERFORE, ORDERED** that:

1. Plaintiffs' Motion to Withdraw Reference, (Doc. No. 1), is **GRANTED**.
2. The parties shall meet and confer to determine a deadline for Defendants' responsive pleadings within 14 days.

Signed: March 1, 2024

Robert J. Conrad, Jr.
United States District Judge